UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINETTE WONSEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 16 C |
| vs. | ) | |
| | ) | JUDGE |
| | ) | |
| The CITY OF CHICAGO, a Municipal Corporation, and unknown Chicago Police Officers, | ) ) ) | MAGISTRATE JUDGE |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, ANTOINETTE WONSEY, by and through her attorneys, Lauren Cannizzaro and Brian J. Gilbert of CHICAGO ADVOCATE LEGAL, NFP, make the following complaint against Defendants, THE CITY OF CHICAGO (Defendant City) and UNKNOWN CHICAGO POLICE OFFICERS (Defendant Officers):

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. ANTOINETTE WONSEY is a resident of Chicago, Illinois.

5. At all relevant times, Defendant Officers were Chicago Police Officers, acting within the scope of this employment and under color of law.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

**FACTS**

7. At approximately 9:00 a.m. on June 4th, 2016, Defendant Officer parked his squad car in front of Plaintiff's residence located at 6439 S. Racine Ave., Chicago, IL 60636.

8. Defendant Officer exited his squad car and began pacing in front of Plaintiff's home.

9. Defendant Officer repeatedly attempted to open the locked gate in front of Plaintiff's home.

10. After failing to manually open the locked gate, Defendant Officer called an unknown person on his cell phone. While still holding the cell phone to his ear, Defendant Officer returned to Plaintiff's gate and entered the correct four digit key code to open the gate.

11. Plaintiff never provided the four-digit gate key code to any Defendant Officer or any other member of the Police Department on June 4th, 2016 or prior to that date.

12. Plaintiff did not give Defendant Officers permission to enter her residence.

13. After Defendant Officer, illegally opened the gate, he began to walk up the Plaintiff's front porch and approached the door.

14. The Defendant Officer then opened Plaintiff's front door and walked into her home.

15. Soon after, Plaintiff heard a disturbance on the lower level and walked downstairs.

16. Plaintiff found the Defendant Officer in her dining room.

17. Defendant Officer told Plaintiff that he entered her home to investigate a crime that occurred on a near-by CTA bus.

18. Defendant Officer threatened to return to her residence with a warrant if she refused to cooperate with his investigation despite the fact that he was already in her home.

19. Ignoring Plaintiff, the Defendant Officer continued to illegally search her residence and threatened to proceed to the upper level of the home.

20. While the first Defendant Officer was inside the home, another Defendant Officer illegally entered the Plaintiff's property without a warrant.

21. After surveying the outside of the home, the second Defendant Officer also illegally entered Plaintiff's home.

22. Five days later, on June 9th, 2016, several Defendant Officers returned to Plaintiff's residence.

23. Again, Defendant Officers attempt to open the locked gate by placing their hands through the bars and manipulating the lock mechanism.

24. Subsequently, several defendant officers illegally obtain entry through the back of Plaintiff's residence.

25. Plaintiff did not permit any of the Defendant officers to enter her premises.

26. The Defendant Officers remained on the property for approximately two hours.

27. During this second search, Defendant Officers did not stop at the first floor, but instead searched the entire home without a warrant.

28. Throughout the search, Defendant Officers detained and interrogated Plaintiff in a harassing manner.

29. For example, at one point, Defendant Officers threatened to force Plaintiff and her friends to leave her home indefinitely and even placed a sign

30. Both incidents occurring on June 4th and 9th of this year were recorded by eight security cameras that are located on the outside of her property.

31. As a result of Defendant Officers' unauthorized entry into their home, and the subsequent detention of Plaintiff, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

### COUNT I
(42 U.S.C. § 1983 Unlawful Search on June 4th, 2016)

32. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

33. As more fully described above, Defendant Officers entered and searched Plaintiff's home on June 4th 2016, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

34. On information and belief, one or more of Defendant Officers who did not participate in the unlawful search of Plaintiff's home, had knowledge of its unlawfulness, had a reasonable opportunity to intervene, and failed to do so.

35. As a direct and proximate result of this illegal search, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

    **WHEREFORE**, Plaintiff prays for judgment against Defendant Officers and in a fair and just amount sufficient to compensate her for the injuries she has suffered. Plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees and all such other relief as this Court finds just and equitable.

### COUNT II
(42 U.S.C. § 1983 Unlawful Search on June 9th 2016)

36. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

37. As more fully described above, Defendant Officers entered and searched Plaintiff's home on June 9th 2016, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

38. On information and belief, one or more of Defendant Officers who did not participate in the unlawful search of Plaintiff's home, had knowledge of its unlawfulness, had a reasonable opportunity to intervene, and failed to do so.

39. As a direct and proximate result of this illegal search, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers and in a fair and just amount sufficient to compensate her for the injuries she has suffered. Plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees and all such other relief as this Court finds just and equitable.

## COUNT III

(42 U.S.C. § 1983 False Arrest/Unlawful Seizure)

40. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

41. As more fully described above, Defendant Officers detained Plaintiff, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

42. On information and belief, one or more of Defendant Officers who did not participate in the unlawful detention of Plaintiff, had knowledge of its unlawfulness, had a reasonable opportunity to intervene, and failed to do so.

43. As a direct and proximate result of this illegal search and seizure, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers and in a fair and just amount sufficient to compensate her for the injuries she has suffered. Plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

**Plaintiff demands a trial by jury.**

ANTIONETTE WONSEY, Plaintiff.


By: __/s/_Lauren Cannizzaro_____
    One of Plaintiff's Attorneys


Atty #: 60295
CHICAGO ADVOCATE LEGAL, NFP
73 W. Monroe St., Suite 326
Chicago, IL 60603
(312) 561-5510
lcannizzaro@chicagoadvocatelegal.com