UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINETTE WONSEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 16 C 9936 |
| vs. | ) | |
| | ) | JUDGE: Ellis |
| | ) | |
| The CITY OF CHICAGO, a Municipal Corporation, and unknown Chicago Police Officers, | ) ) ) | MAGISTRATE JUDGE: Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by and through one of its attorneys, Iris Y. Chavira, Assistant Corporation Counsel for the City of Chicago, for its Answer to Plaintiff's Complaint at Law, Affirmative Defenses, and Jury Demand, state as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois common law.

**ANSWER:** Defendant City admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 and the laws of the State of Illinois, but denies that Plaintiff was deprived of her rights under the United States Constitution and denies that she is entitled to relief under state law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** Defendant City admits that jurisdiction is proper.

1

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendant City admits that venue is proper, and upon information and belief, admits that all parties reside in this judicial district, but denies the remaining allegations contained in this paragraph.

## PARTIES

4. ANTOINETTE WONSEY is a resident of Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendant City admits the allegations contained in this paragraph.

5. At all relevant times, Defendant Officers were Chicago Police Officers, acting within the scope of this employment and under color of law.

**ANSWER:** Upon information and belief, Defendant City admits the allegations contained in this paragraph.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

**ANSWER:** Defendant City admits that it is a municipal corporation, and upon information and belief, admits that Defendant City is the employer of Defendant Officers.

## FACTS

7. At approximately 9:00 a.m. on June 4th, 2016, Defendant Officer parked his squad car in front of Plaintiff's residence located at 6439 S. Racine Ave., Chicago, IL 60636.

**ANSWER:** Upon information and belief, Defendant City admits that the events at issue occurred on June 4, 2016 at 6439 N. Racine Ave., Chicago, IL 60636, and lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

8. Defendant Officer exited his squad car and began pacing in front of Plaintiff's home.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

9. Defendant Officer repeatedly attempted to open the locked gate in front of Plaintiff's home.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

10. After failing to manually open the locked gate, Defendant Officer called an unknown person on his cell phone. While still holding the cell phone to his ear, Defendant Officer returned to Plaintiff's gate and entered the correct four digit key code to open the gate.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

11. Plaintiff never provided the four-digit gate key code to any Defendant Officer or any other member of the Police Department on June 4th, 2016 or prior to that date.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

12. Plaintiff did not give Defendant Officers permission to enter her residence.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

13. After Defendant Officer, illegally opened the gate, he began to walk up the Plaintiff's front porch and approached the door.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

14. The Defendant Officer then opened Plaintiff's front door and walked into her home.

**ANSWER:** Upon information and belief, Defendant City admits that Sgt. Valentin entered Plaintiff's home on June 4, 2016, and lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

15. Soon after, Plaintiff heard a disturbance on the lower level and walked downstairs.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

16. Plaintiff found the Defendant Officer in her dining room.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

17. Defendant Officer told Plaintiff that he entered her home to investigate a crime that occurred on a near-by CTA bus.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

18. Defendant Officer threatened to return to her residence with a warrant if she refused to cooperate with his investigation despite the fact that he was already in her home.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

19. Ignoring Plaintiff, the Defendant Officer continued to illegally search her residence and threatened to proceed to the upper level of the home.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

20. While the first Defendant Officer was inside the home, another Defendant Officer illegally entered the Plaintiff's property without a warrant.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

21. After surveying the outside of the home, the second Defendant Officer also illegally entered Plaintiff's home.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

22. Five days later, on June 9th, 2016, several Defendant Officers returned to Plaintiff's residence.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

23. Again, Defendant Officers attempt to open the locked gate by placing their hands through the bars and manipulating the lock mechanism.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

24. Subsequently, several defendant officers illegally obtain entry through the back of Plaintiff's residence.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

25. Plaintiff did not permit any of the Defendant officers to enter her premises.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

26. The Defendant Officers remained on the property for approximately two hours.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

27. During this second search, Defendant Officers did not stop at the first floor, but instead searched the entire home without a warrant.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

28. Throughout the search, Defendant Officers detained and interrogated Plaintiff in a harassing manner.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

29. For example, at one point, Defendant Officers threatened to force Plaintiff and her friends to leave her home indefinitely and even placed a sign.

**ANSWER:** Defendant City lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

30. Both incidents occurring on June 4th and 9th of this year were recorded by eight security cameras that are located on the outside of her property.

**ANSWER:** Upon information and belief, Defendant City admits that the events at issue occurred on June 4, 2016 and June 9, 2016, and lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

31. As a result of Defendant Officers' unauthorized entry into their home, and the subsequent detention of Plaintiff, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 Unlawful Search on June 4th, 2016)

32. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

**ANSWER:** Defendant City re-states and incorporates its respective answers to Paragraphs 1-31 above as and for its answer to this paragraph as if fully set forth herein.

33. As more fully described above, Defendant Officers entered and searched Plaintiff's home on June 4th 2016, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

**ANSWER:** Upon information and belief, Defendant City admits that Sgt. Valentin entered Plaintiff's home on June 4, 2016, and lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

34. On information and belief, one or more of Defendant Officers who did not participate in the unlawful search of Plaintiff's home, had knowledge of its unlawfulness, had a reasonable opportunity to intervene, and failed to do so.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

35. As a direct and proximate result of this illegal search, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

## COUNT II
### (42 U.S.C. § 1983 Unlawful Search on June 9th 2016)

36. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

**ANSWER:** Defendant City re-states and incorporates its respective answers to Paragraphs 1-35 above as and for its answer to this paragraph as if fully set forth herein.

37. As more fully described above, Defendant Officers entered and searched Plaintiff's home on June 9th 2016, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

38. On information and belief, one or more of Defendant Officers who did not participate in the unlawful search of Plaintiff's home, had knowledge of its unlawfulness, had a reasonable opportunity to intervene, and failed to do so.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

39. As a direct and proximate result of this illegal search, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

## COUNT III
### (42 U.S.C. § 1983 False Arrest/Unlawful Seizure)

40. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

**ANSWER:** Defendant City re-states and incorporates its respective answers to Paragraphs 1-39 above as and for its answer to this paragraph as if fully set forth herein.

41. As more fully described above, Defendant Officers detained Plaintiff, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

42. On information and belief, one or more of Defendant Officers who did not participate in the unlawful detention of Plaintiff, had knowledge of its unlawfulness, had a reasonable opportunity to intervene, and failed to do so.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

43. As a direct and proximate result of this illegal search and seizure, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

1. Defendants Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendants Officers therefore are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2. To the extent that Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

4. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable. 745 ILCS 10/2-109.

## JURY DEMAND

Defendant City hereby demands a jury trial for all issues so triable.

Respectfully submitted,

*/s/ Iris Y. Chavira*
Iris Y. Chavira

                                                                   Assistant Corporation Counsel

City of Chicago, Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-9602
(312) 744-6566 (FAX)
Atty. No. 6296067

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTOINETTE WONSEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 16 C 9936 |
| vs. | ) | |
| | ) | JUDGE: Ellis |
| | ) | |
| The CITY OF CHICAGO, a Municipal | ) | MAGISTRATE JUDGE: Mason |
| Corporation, and unknown Chicago Police | ) | |
| Officers, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

**PLEASE TAKE NOTICE** that on this 16th day of December 2016, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 16th day of December 2016.

*/s/ Iris Y. Chavira*
Iris Y. Chavira
Assistant Corporation Counsel